ELMER PHILLIPS, APPELLEE, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED JUNE 12, 1912. No. 17,066.

1. Appeal: REVIEW. The verdict of a jury upon questions of fact properly submitted to them is final, unless the verdict is manifestly wrong.

2. Railroads: INJURY TO LIVE STOCK: ACTION: EVIDENCE. Evidence examined, its substance stated in the opinion, and *held* sufficient to warrant the trial court in refusing to direct the jury to return a verdict for the defendant.

APPEAL from the district court for Pierce county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Mapes & Hazen* and *B. H. Dunham,* for appellant.

*M. H. Leamy, contra.*

BARNES, J.

Action in the district court for Pierce county to recover the value of a steer struck and injured by one of the defendant's locomotive engines. The plaintiff had the verdict and judgment, and the defendant has appealed.

The appellant contends that the evidence does not sustain the judgment, and therefore the district court erred

in refusing to direct the jury to return a verdict for the defendant.

It appears from the record that plaintiff's right of recovery depended upon the position of the animal when it was struck by the defendant's locomotive. On this question the evidence was conflicting. Mrs. Key, an apparently disinterested and truthful witness, testified that she was about 15 or 20 rods from the place where the animal was struck, and just a moment before that time she saw it on the railroad track and right of way just inside the cattle-guard. The engineer in charge of the locomotive testified that the animal at that time was on the public highway crossing just outside the cattle-guard. Other witnesses testified that the cattle-guard was insufficient to prevent live stock from getting upon the defendant's right of way. In fact the defendant's section foreman stated that he had seen cattle pass over the guard on the opposite side of the highway, which was constructed in the same manner as the one in question. A Mrs. Dutcher testified that she lived just across the road from the plaintiff's farm where the steer in question was killed; that she went to the door of her home just before the train whistled, and saw the steer standing on the highway by the cattle-guard just as if he was going to cross; that she went back into the house and heard the train whistle for something on the track; she immediately went to the door again and looked out in that direction; that the train had not yet crossed the highway; that she looked for the steer, but did not see him; that from the place and position where she was standing, at the time, she could see the steer if he was on the highway, and if he had passed over the cattle-guard and on to the right of way she could not see him. Some of the witnesses testified that they saw a single track apparently made by the animal a few feet inside of the cattle-guard, and it appears that the animal itself was found lying helpless upon the defendant's right of way about 75 feet from the inside of the guard.

Considering all of the testimony contained in the record, we are unable to say that the evidence was insufficient to sustain the verdict. While there are some features of the case from which we might have arrived at a different conclusion, still, considering all of the testimony, we cannot say that the verdict is not sustained by the evidence. The rule which requires a court of review to support a verdict and judgment based upon conflicting evidence, unless they are clearly wrong, constrains us to affirm the judgment in this case, which is accordingly done.

AFFIRMED.